IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2015

**STATE OF TENNESSEE v. ELASHANTI DEAN**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 222434, 223277, 223280, 223283, 223286    Barry A. Steelman, Judge**

**No. E2014-02169-CCA-R3-CD-FILED-AUGUST 6, 2015**

ROBERT H. MONTGOMERY, JR., J., dissenting.

I respectfully dissent from the majority's conclusion that the Defendant has failed to state a colorable claim pursuant to Tennessee Criminal Procedure Rule 36.1. I also write separately to address the majority's discussion relative to whether a claim raised pursuant to Rule 36.1 is moot if a defendant has fully served the relevant sentence and to address my concerns that Rule 36.1 permits a defendant to withdraw a guilty plea to which a sentence has expired.

The record reflects that pursuant to a negotiated plea agreement, the Defendant pleaded guilty to five counts of aggravated robbery in exchange for concurrent sentencing and an effective ten-year sentence. As the majority correctly notes, Tennessee Code Annotated section 40-20-111(b) and Tennessee Criminal Procedure Rule 32(c)(3)(C) require consecutive sentencing when a defendant commits a felony offense while on bail for a felony offense and the defendant is convicted of both offenses. The record reflects that was the circumstance in these cases. The majority also notes that the judgment forms are silent as to whether the sentences were consecutive or concurrent and that Tennessee Rule of Criminal Procedure 32(c)(3)(C) provides that, in this situation, "the sentence shall be consecutive whether the judgment explicitly so orders or not."

Although the trial court found that it appeared that the sentences had expired, no definitive evidence exists in the record showing that the sentences have expired. The judgment forms were entered on December 16, 1998, and because the sentences were to be consecutive, the effective sentence would have been eighteen years. The Defendant filed his Rule 36.1 motion on August 20, 2014, before the eighteen-year sentence expired.

Because the sentences were illegal when entered, I conclude that the Defendant has stated a colorable claim for relief. I would remand this matter to the trial court for an evidentiary hearing to determine whether concurrent sentencing was a material component of the plea agreement. *See* Tenn. R. Crim. P. 36.1(c)(3). If the court finds that concurrent sentencing was a material component of the plea agreement, the court would be required to provide the Defendant the opportunity to withdraw his guilty pleas. *See id.*

Relative to the issue of mootness, Rule 36.1 states, "Either the defendant or the state may, *at any time*, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." (emphasis added). The majority correctly notes that panels of this court have previously concluded that a motion to correct an illegal sentence is moot after a sentence has expired. *See Philander Butler v. State*, No. W2014-01366-CCA-R3-CD, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015); *State v. James D. Wooden*, No. E2014-01069-CCA-R3-CD, 2014 WL 7366984 (Tenn. Crim. App. Dec. 26, 2014), *perm. app. granted* (Tenn. May 15, 2015); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011 (Tenn. Crim. App. Oct. 29, 2014), *perm. app. granted* (Tenn. May 15, 2015).

Other panels of this court, though, have concluded that a motion to correct an illegal sentence pursuant to Rule 36.1 is permitted after a sentence has expired. *See State v. Nickelle N. Jackson*, No. W2014-02445-CCA-R3-CD, 2015 WL 4241074, at *6 (Tenn. Crim. App. July 14, 2015) (concluding "the fact that the [d]efendant's sentences . . . may have expired does not preclude him from obtaining Rule 36.1 relief if he proves that his sentences were illegal"); *State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *4 (Tenn. Crim. App. Apr. 1, 2015) ("Rule 36.1, by its explicit terms, states that a defendant may 'at any time' seek correction of an illegal sentence."); *State v. Sean Blake*, No. W2014-00856-CCA-R3-CD, 2015 WL 112801, at *2 (Tenn. Crim. App. Jan. 8, 2015) (concluding that a defendant may seek correction of an illegal sentence pursuant to Rule 36.1 after the expiration of a sentence because the plain language of the rule permits correction at any time); *State v. Jerome Wall*, No. W2014-00782-CCA-R3-CD, 2014 WL 7332113 (Tenn. Crim. App. Dec. 23, 2014).

In *State v. John Talley*, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *3 (Tenn. Crim. App. Dec. 26, 2014), a majority of a panel of this court concluded that the defendant presented a colorable claim under Rule 36.1 because pursuant to a negotiated plea agreement, the defendant received concurrent sentences for offenses committed while on parole. *See* T.C.A. § 40-28-123; *see also* Tenn. R. Crim. P. 32(c)(3)(A). The court, however, noted that although the defendant had been sentenced almost thirty years previously, no evidence showed whether the relevant sentences had expired. *Id.* The court remanded the case to the trial court to determine whether the defendant's alleged illegal

sentences were expired and concluded if the evidence established on remand that the sentences had been fully served, the motion was moot. *Id.* In a separate opinion, Presiding Judge Woodall expressed his disagreement with the majority's statement that the motion was moot if the defendant had fully served his sentences. *Id.* at *4 (Woodall, P.J., concurring in results only). Presiding Judge Woodall noted that the plain language of Rule 36.1 provided that a defendant may seek to correct an illegal sentence at any time, which included before and after the expiration of a sentence. *Id.* He concluded that although "the consequences of the rule can ultimately and unfairly lead to trial courts . . . vacating decades' old convictions, as a judge on an intermediate appellate court I must apply the plain meaning of Rule 36.1." *Id.*

As a result, I conclude that Rule 36.1 permits a defendant to seek the correction of an illegal sentence at any time, which includes after the expiration of a sentence. Although I agree with the concern that Rule 36.1 has been used to "provide an avenue for seeking the reversal of convictions" rather than "an avenue for correcting allegedly illegal sentences," the plain language of the Rule provides a defendant the opportunity to withdraw a guilty plea when an illegal sentence was entered pursuant to a plea agreement and the illegality was a material component of the agreement. *See* Tenn. R. Crim. P. 36.1(c)(3); *see also Philander Butler*, 2015 WL 4240256, at *3 (Tenn. Crim. App. July 14, 2015). As a result, I conclude that until such time as the Rule 36.1 is amended or our supreme court interprets the Rule differently, the plain language of the Rule prevents me from concluding that an expired sentence renders a motion to correct an illegal sentence moot.

I would reverse the judgment of the trial court and remand the case for consideration of the motion on its merits. *See* Tenn. R. Crim. P. 36.1(c)(3).

_____
ROBERT H. MONTGOMERY, JR., JUDGE